UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BSD, INC., a California corporation; 21st CENTURY GROUP, INC., a California corporation; and YOUSTINE, INC., a California corporation,<br><br>  Plaintiffs,<br><br>  vs.<br><br>EQUILON ENTERPRISES, LLC, a Delaware limited liability company; ANABI OIL CORPORATION, a California corporation; and DOES 1 through 100, inclusive,<br><br>  Defendants.<br><br>AND RELATED COUNTER CLAIMS | Case No: C 10-5223 SBA<br><br>**ORDER DENYING MOTION TO WITHDRAW**<br><br>Docket 107. |

The parties are presently before the Court on Bleau Fox, A Professional Law Corporation's ("Bleau Fox") motion to withdraw as counsel of record for Plaintiff, Counter-Claimant, and Counter-Defendant Youstine, Inc. ("Youstine"). Dkt. 107. Equilon Enterprises, LLC, filed a non-opposition to the motion. Dkt. 108. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Bleau Fox's motion to withdraw without prejudice, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **DISCUSSION**

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a); see Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal. 1992) (an attorney representing a client

may not withdraw except by leave of court).  In addition, the Local Rules provide that when withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se.  Civ. L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  California Rule of Professional Conduct 3-700(C)(1)(d) allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively."  However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) (regarding papers), and complying with applicable laws and rules.  See El Hage v. U.S. Sec. Assocs., Inc., 2007 WL 4328809, at *1 (N.D. Cal. 2007).  The decision to permit counsel to withdraw is within the sound discretion of the trial court.  See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case.  Deal v. Countrywide Home Loans, 2010 WL 3702459, at *2 (N.D. Cal. 2010) (Armstrong, J.)

Here, Bleau Fox seeks to withdraw on the ground that the firm "can no longer properly or adequately defend and prosecute this case on behalf of Youstine and diligently

protect the best interests of Youstine" because of the "significant deterioration of the relationship and differences of opinion between Counsel and Youstine, and Youstine's failure to cooperate with Counsel in this litigation."  Bleau Fox's Mtn. at 5.  In support of its motion to withdraw, Bleau Fox submitted the declarations of Thomas Bleau ("Bleau") and Martin Fox ("Fox"), partners with Bleau Fox.  Bleau Decl., Dkt. 107-1; Fox Decl., Dkt. 107-2.  As for the basis for withdrawal, counsel attest that the relationship between Youstine and Bleau Fox has significantly deteriorated to the point where "it is now impossible for [the firm] to continue to represent Youstine and to take the necessary litigation strategies and steps to continue to diligently pursue and protect [Youstine's] best interests."  Bleau Decl. ¶ 4; Fox Decl. ¶ 3.  According to counsel, they have "no choice but to ask the Court's permission to withdraw" as the firm "can no longer proceed as it deem[s] necessary in this case."  Bleau Decl. ¶ 5; Fox Decl. ¶ 4.

The Court finds that Bleau Fox has failed to demonstrate that withdrawal is appropriate under the California Rules of Professional Conduct.  While Bleau Fox provided notice reasonably in advance to Youstine and all parties that have appeared in this case of its intention to withdraw as counsel of record for Youstine in compliance with the requirements of Civil Local Rule 11-5(a), see Bleau Decl. ¶ 6,[1] it has failed to demonstrate the need/reasons for withdrawal.  It has also failed to show that it has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of its client.  Specifically, Bleau Fox has not submitted evidence indicating that its client was given a detailed explanation of the reasons for withdrawal and/or the consequences of withdrawal.  For example, there is no indication that counsel informed their corporate client that it must retain new counsel in order to continue to prosecute this action insofar as corporations can only appear through licensed counsel.  See Civ. L.R. 3-9(b); Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202, (1993); D-Beam Ltd. P'ship v.

---

[1] The Court notes that all the parties that have appeared in this matter were notified of Bleau Fox's intent to withdraw as counsel of record for Youstine when Bleau Fox e-filed its motion to withdraw.

Roller Derby Skates, Inc., 366 F.3d 972, 973-974 (9th Cir. 2004).  When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it.  Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993 (9th Cir. 2007); see e.g., Galtieri–Carlson v. Victoria M. Morton Enters., Inc., 2010 WL 3386473, *3 (E.D. Cal. 2010) (sanctioning corporate defendants by striking their answer when they failed to retain alternate counsel after the withdrawal of their original counsel).

In addition, Bleau Fox has failed to adequately explain how Youstine's conduct has rendered it unreasonably difficult for Bleau Fox to carry out the employment effectively.  In support of its motion to withdraw, Bleau Fox did not articulate with sufficient specificity the reasons it seeks to withdraw.  Rather, Bleau Fox simply states that the relationship between Youstine and the law firm "has significantly deteriorated" to the point that it is "impossible" for the firm to "take the necessary litigation strategies and steps to continue to diligently pursue and protect [Youstine's] best interests."  Bleau ¶ 4; Fox Decl. ¶ 3.  It further states that the firm "can no longer properly or adequately defend and prosecute this case on behalf of Youstine and diligently protect the best interests of Youstine" because of the "significant deterioration of the relationship and differences of opinion between Counsel and Youstine, and Youstine's failure to cooperate with Counsel in this litigation."  Bleau Fox's Mtn. at 5.

Absent a more specific explanation of the conduct that Youstine has engaged in, it is impossible for the Court to determine whether Youstine has been sufficiently informed of the actions it has taken that make it difficult for Bleau Fox to carry out the employment effectively and has failed to respond to Bleau Fox's concerns.  While the Court recognizes that Bleau Fox is concerned, and rightly so, about disclosing attorney-client privileged information, it nonetheless must provide the Court with an adequate factual basis for its request to withdraw as counsel of record for Youstine.  This requires Bleau Fox to provide the Court with a general explanation of what Youstine has done that has caused the "significant deterioration" of the attorney client relationship, including a description of the

nature of the "differences of opinion" and examples of Youstine's failure to cooperate, e.g., failure to communicate, refusal to follow advice.

In sum, the Court concludes that Bleau Fox has failed to demonstrate compliance with the California Rules of Professional Conduct. Bleau Fox has not adequately shown that they have taken all reasonable steps to avoid reasonably foreseeable prejudice to the rights of their client. Nor has the firm adequately explained how Youstine's conduct has rendered it unreasonably difficult for it to carry out the employment effectively. Accordingly, Bleau Fox's motion to withdraw is DENIED without prejudice to the filing of a renewed motion to withdraw that addresses the deficiencies identified in this Order. In the event that Bleau Fox determines that it cannot adequately explain how Youstine's conduct has rendered it unreasonably difficult for it to carry out the employment effectively without revealing attorney-client privileged matters, Bleau Fox may request to file its motion under seal or an in camera hearing.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Bleau Fox's motion to withdraw as counsel of record for Youstine is DENIED without prejudice.

2. This Order terminates Docket 107.

IT IS SO ORDERED.

Dated: 3/11/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge