UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BSD, INC., a California corporation; 21st CENTURY GROUP, INC., a California corporation; and YOUSTINE, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUILON ENTERPRISES, LLC, a Delaware limited liability company; ANABI OIL CORPORATION, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTER CLAIMS | Case No: C 10-5223 SBA<br><br>**ORDER** |

On March 11, 2013, the Court issued an Order granting in part and denying in part Equilon Enterprises, LLC's ("Equilon") motion for partial summary judgment. Dkt. 122. On March 12, 2013, Equilon filed a motion for leave to file a motion for reconsideration of this Order. Dkt. 124. Specifically, Equilon requests the Court reconsider its ruling denying summary judgment on a portion of Equilon's third counterclaim for declaratory relief, which seeks a determination that Equilon properly terminated Youstine, Inc.'s ("Youstine") Right of First Refusal ("ROFR") as a matter of law. Equilon's Mtn. at 2-3. The relevant portion of the Court's Order provides as follows:

> Equilon's third counterclaim seeks, among other things, a determination that its termination of Youstine's ROFR was "appropriate." Equilon's Am. Counterclaim ¶ 43. Equilon contends that it properly terminated Youstine's ROFR as a matter of law because Youstine failed to satisfy all past due debts as required by Article 4(a) of the ROFR contract. Equilon's Mtn. at 18-19. However, as pointed out by Youstine, Equilon failed to submit the ROFR contract in support of its motion. Youstine's Opp. at 22-23. According to Youstine, because Equilon failed to submit this document or any other evidence to support its position, Equilon's motion must be denied. Id. at 23.

In its reply brief, Equilon does not dispute that it failed to submit the ROFR in support of its motion. In fact, Equilon provides no argument in its reply brief with respect to this aspect of its motion.

By failing to submit the ROFR in connection with its moving papers, Equilon failed to sustain its burden to show that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When, as here, the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. C.A.R. Transp. Brokerage Co., 213 F.3d at 480. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case. Id. Accordingly, because Equilon has failed to sustain its initial burden under Rule 56, Equilon's motion for summary judgment as to this aspect of its declaratory relief claim is DENIED. See Harper, 877 F.2d at 731 (if the movant fails to sustain its initial burden, no defense to an insufficient showing is required).

Pursuant to Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

In the instant motion, Equilon requests leave to file a motion for reconsideration of the Court's March 11, 2013 Order on the ground that there was a manifest failure by the Court to consider material facts presented before the Order. Equilon's Mtn. at 4-5. Specifically, Equilon contends that the Court failed to consider the ROFR in ruling on its motion for summary judgment on its third counterclaim for declaratory relief. Id. at 3. Equilon, however, concedes that it "inadvertently omitted a copy of the ROFR from its moving papers." Id. at 4. Equilon also admits that it submitted a copy of the ROFR after Youstine filed its opposition in a filing titled "Notice of Errata." Id. at 3. Further, Equilon does not dispute that it failed to provide any argument in its reply brief in response to

Youstine's argument that summary judgment should be denied as to Equilon's declaratory relief claim because Equilon failed to submit the ROFR contract in support of its motion.

By submitting the ROFR after Youstine filed its opposition, Equilon deprived Youstine of the opportunity to respond to this evidence. While Equilon did not submit the late-filed ROFR in connection with its reply brief, the submission of the ROFR after Youstine filed its opposition is akin to presenting new evidence in a reply brief. Ordinarily, it is not proper for a court to consider new legal arguments or evidence presented in a reply brief. In re Rains, 428 F.3d 893, 902 (9th Cir. 2005); see Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1273 n. 3 (9th Cir. 1993). The Court notes that had Equilon brought the late-filed ROFR to the Court's attention in its reply brief, the Court could have afforded Youstine the opportunity to respond to this evidence through the submission of a supplemental brief. Accordingly, because Equilon failed to submit the ROFR in its moving papers, and because Youstine did not have the opportunity to respond to the late-filed ROFR, the Court concludes that there was not a manifest failure by the Court to consider material facts that were properly before the Court on Equilon's motion for partial summary judgment. See Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non]-movant an opportunity to respond."). Equilon's motion for leave to file a motion for reconsideration is therefore DENIED.

The Court, however, finds that good cause exists for Equilon to file a successive motion for partial summary judgment on the issue of whether it properly terminated Youstine's ROFR as a matter of law. "[D]istrict courts have discretion to entertain successive motions for summary judgment." See Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010) ("the possibility of summary judgment remains on the table even after a district court has denied a summary judgment motion because that order is 'subject to reconsideration by the court at any time' "). "[T]he denial of summary judgment does not preclude a contrary later grant of summary judgment. Consequently, allowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and

inexpensive' resolution of suits.' " Id.  Nevertheless, given the potential for abuse of the procedure, district courts retain discretion to "weed out frivolous or simply repetitive motions." Id.

The Court finds that a successive motion for partial summary judgment is appropriate under the circumstances, particularly since such a motion would expand the evidence beyond what the Court considered in ruling on Equilon's motion for partial summary judgment.  Hoffman, 593 F.3d at 911 ("a successive motion for summary judgment is particularly appropriate on an expanded factual record").  Further, the Court finds that allowing Equilon to file a successive motion for partial summary judgment will promote the "just, speedy, and inexpensive" resolution of this action.  Accordingly, Equilon may file a successive motion for partial summary judgment no later than seven (7) days from the date this Order is filed.  Equilon's renewed motion shall not exceed ten (10) pages.  Youstine shall file an opposition or statement of non-opposition within seven (7) days from the date Equilon files its successive motion.  Youstine's response shall not exceed ten (10) pages.  Any reply brief filed by Equilon shall be filed no later than seven (7) days from the date Youstine's response is filed and shall not exceed five (5) pages.  The Order terminates Docket 124.

IT IS SO ORDERED.

Dated: 3/25/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge