UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BSD, INC., a California corporation; 21st CENTURY GROUP, INC., a California corporation; and YOUSTINE, INC., a California corporation,

Plaintiffs,

vs.

EQUILON ENTERPRISES, LLC, a Delaware limited liability company; ANABI OIL CORPORATION, a California corporation; and DOES 1 through 100, inclusive,

Defendants.

AND RELATED COUNTER CLAIMS

Case No: C 10-5223 SBA

**ORDER GRANTING SECOND MOTION TO WITHDRAW**

Docket 127

The parties are presently before the Court on Bleau Fox, A Professional Law Corporation's ("Bleau Fox") second motion to withdraw as counsel of record for Plaintiff, Counter-Claimant, and Counter-Defendant Youstine, Inc. ("Youstine"). Dkt. 127. Equilon Enterprises, LLC ("Equilon") has filed a statement of non-opposition to the motion. Dkt. 135. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Bleau Fox's motion to withdraw, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a); see Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal. 1992) (an attorney representing a client

may not withdraw except by leave of court). In addition, the Local Rules provide that when withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. Civ. L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Rule 3-700 of the California Rules of Professional Conduct provides that counsel may withdraw if the client renders it unreasonably difficult for counsel to carry out its employment effectively or if the client breaches an obligation as to expenses or fees. Cal. R. Prof. Conduct 3-700(C)(1)(d) & (f). However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) (regarding papers), and complying with applicable laws and rules. See El Hage v. U.S. Sec. Assocs., Inc., 2007 WL 4328809, at *1 (N.D. Cal. 2007). The decision to permit counsel to withdraw is within the sound discretion of the trial court. See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. Deal v. Countrywide Home Loans, 2010 WL 3702459, at *2 (N.D. Cal. 2010) (Armstrong, J.)

Here, Bleau Fox seeks to withdraw on the ground that "the relationship between

Youstine and [Bleau Fox] has significantly deteriorated to the point wherein it is now impossible for [Bleau Fox] to continue to represent Youstine and to take the necessary litigation strategies and steps to continue to diligently pursue and protect its best interests." Bleau Decl. ¶ 3, Dkt. 127-1. Specifically, counsel for Youstine, Thomas Bleau ("Bleau"), states that it has become increasingly difficult to communicate with Youstine's sole shareholder, director, and contact person, Mike Abdou ("Abdou"). Id. ¶¶ 4-5. Bleau states that while his firm had been "authorized to make certain representations to opposing counsel, indicating that Youstine would accept the terms of a proposed settlement, . . . Abdou subsequently ignored communications from [Bleau Fox] and failed and refused to execute the Settlement Agreement on Youstine's behalf." Id. ¶ 6. Bleau further states that Abdou hindered Bleau Fox's ability to oppose Equilon's first motion for partial summary judgment by his delayed responses to communications from the firm and his failure to provide "necessary" documentation that he had promised to deliver. Id. ¶ 8.

In addition to Youstine's failure to cooperate with counsel, Bleau Fox seeks to withdraw on the ground that Youstine has incurred substantial attorneys' fees (in excess of $40,000) and costs that Youstine has failed to pay after being requested to do so as early as May 2012. Bleau Decl. ¶¶ 5-9. Bleau Fox asserts that Youstine has "done nothing to pay any portion of its outstanding balance with the firm." Id. ¶ 9.

The Court finds that Bleau Fox has demonstrated that withdrawal as counsel of record for Youstine is warranted. Youstine's lack of cooperation and refusal to pay counsel constitute good cause for withdrawal. Further, Bleau Fox has provided written notice to Youstine and to all the parties in this action of its intention to withdraw in compliance with Civil Local Rule 11-5(a). See Bleau Decl. ¶ 11.[1] Bleau Fox has also shown that it has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of its client. Specifically, Bleau Fox has filed an opposition to Equilon's second motion for partial

[1] The Court notes that all the parties that have appeared in this matter were notified of Bleau Fox's intent to withdraw as counsel of record for Youstine when Bleau Fox e-filed the instant motion.

summary judgment and motion for summary judgment (Dkt. 134), and has informed Youstine in writing that it must retain new counsel in order to continue to prosecute this action[2] and that the failure to do so may result in its complaint being dismissed and its answer to Equilon's counterclaims being stricken. Bleau Decl. ¶¶ 9-10. Finally, given that the trial date has been vacated pending resolution of Equilon's second motion for partial summary judgment and motion for summary judgment (Dkt. 130), the Court finds that withdrawal will not harm the administration of justice, unduly delay resolution of this case, or cause Youstine undue hardship or prejudice. Accordingly, Bleau Fox's motion to withdraw as counsel of record for Youstine is GRANTED.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Bleau Fox's motion to withdraw as counsel of record for Youstine is GRANTED. However, because no substitution of counsel has been filed, the motion is granted on the condition that all papers continue to be served on Bleau Fox for forwarding purposes, unless and until Youstine appears by other counsel.

2. Youstine shall have sixty (60) days from the date this Order is filed to secure legal counsel and have counsel file a notice of appearance. Failure to do so may result in the dismissal of Youstine's complaint. In addition, failure to timely secure new counsel may result in the striking of Youstine's answer to Equilon's counterclaims and a default judgment entered against Youstine. See United States v. High Country Broadcasting, Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (default judgment against corporation appropriate where corporation failed to retain counsel); Rojas v. Hawgs Seafood Bar, Inc., 2009 WL 1255538, at * (N.D. Cal. 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it").

2. This Order terminates Docket 127.

---

[2] A corporation may appear only through licensed counsel. See Civ. L.R. 3-9(b); Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202, (1993); D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-974 (9th Cir. 2004).

IT IS SO ORDERED.

Dated: 6/18/13

SAUNDRA BROWN ARMSTRONG
United States District Judge